# Office of the Chapter 13 Standing Trustee

## Andrew B. Finberg, Chapter 13 Standing Trustee

*Joni L. Gray, Counsel*
*Jennifer R. Gorchow, Staff Attorney*
*William H. Clunn, III, Staff Attorney*

*Lu'Shell K. Alexander**
*Jennie P. Archer**
*Kelleen E. Stanley**
*Kimberly A. Talley**

*Certified Bankruptcy Assistant*

January 9, 2026

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

      **RE:** **Chapter 13 Bankruptcy**
            **Case No. 22-13690 (ABA)**
            **Debtor(s) Name: Joel Q. Principe**

Dear Judge Altenburg:

     Please accept this letter in lieu of a more formal response to Debtor's Motion to Sell Real Estate on shortened time, which is returnable Tuesday, January 13, 2026, at 10:00 a.m.

     Debtor comes before the Court on a Motion to Authorize Sale of Real Estate located at 16 Wilton Way, Sicklerville, NJ 08081. The subject property is not Debtor's primary residence, rather a rental property listed as an asset on Schedule A of the Petition (Doc No. 11.) At the time of filing, Debtor valued the property at $210,000. While Debtor failed to provide a copy of the Contract of Sale, the Certification in Support of Motion and Final ALTA Statement provided indicates that Debtor sold the property on October 24, 2025, without prior authorization from the Bankruptcy Court.

     Pursuant to the Final ALTA Statement, Debtor's realtor, EXP Realty, LLC and Real Estate Counsel, Greg Voorhees, Esquire, were paid at closing without receiving prior authorization from the Bankruptcy Court (See Doc No. 38, Exhibit A.) As of the date of this correspondence, an Application to Appoint Realtor and/or Special Counsel Nunc Pro Tunc has not been filed.

     The Final ALTA Statement states net proceeds of $289,916.30 were payable to Debtor and non-filing 50% owner of property. According to the Certification in Support of Motion, funds are being held in escrow by the Title Company pending receipt of a mortgage payoff from Rocket Mortgage. Debtor certifies that on the same day of closing, they contacted their bankruptcy counsel for assistance in obtaining a mortgage payoff. Seventy-three (73) days after closing took place, Debtor now comes before the Court seeking authorization to sell real estate.

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

The Trustee notes that the motion fails to request entry of the Order Nunc Pro Tunc.

  The Trustee cannot ascertain the need for this matter to be heard on shorten time when it took seventy-three (73) days for the motion to be filed after closing occurred. The Certification in Support of Motion states that Debtor contacted bankruptcy counsel the same date of closing, yet the Certification is dated thirty-five (35) days later. Notably, both the Application for Order Shortening Time Period and Notice of Motion for Authorization to Sell Real Estate signed by Debtor's counsel are dated December 23, 2025, sixty (60) days after closing. The motion was not filed for another thirteen (13) days, seventy-three (73) days after closing. If the motion was timely filed, the need to be heard on shorten time would not be necessary.

  While the Trustee does not oppose entry of an Order Authorizing Sale of Real Estate Nunc Pro Tunc, the Trustee requests that Debtor be required to file an Application to Appoint Real Estate Broker and Application to Appoint Special Counsel Nunc Pro Tunc, along with an amended Order stating that an Amended Final ALTA Settlement Sheet must be forwarded to the Chapter 13 Trustee which includes the payoff to Rocket Mortgage and funds necessary to pay 100% to unsecured creditors who filed timely claims.

  As always, please feel free to contact this office with any questions or concerns.

            Respectfully submitted,

            *s/ Joni L. Gray*
            Joni L. Gray
            Counsel

JLG/jpa
cc: Brad J. Sadek, Esquire (Via CM/ECF & Email)
   Denise M. Carlon, Esquire (Via CM/ECF & Email)
   Joel Q. Principe (Via regular mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **2**