UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

SADEK LAW OFFICES
701 East Gate Dr., Ste 129
Mt. Laurel, NJ 08054
(856) 890-9003; Fax (215) 545-0611
Attorney(s) for Debtor

Order Filed on January 13, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
Joel Quintana Principe

Case No.: 22-13690 (ABA)

Hearing Date: January 13, 2026

Chapter: 13

Judge: Andrew B. Altenburg

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

Recommended Local Form:  ☒ Followed    ☐ Modified

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: January 13, 2026**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____16 Wilton Way, Sicklerville, NJ 08081_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☐ In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Andrea Mains (Realtor); Gregory Voorhees, Esq. (special counsel) |
| Amount to be paid: | $8,270.00; $1,500.00 |
| Services rendered: | Representation of seller in real estate transaction from listing to Closing |

**OR:** ☒ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $___0.0 0___ claimed as exempt may be paid to the Debtor.

6. The ☐ *balance of proceeds* or the ☒ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

    a. Title shall be conveyed for the property located at 16 Wilton Way, Sicklerville, NJ 08081 by Debtor, Joel Quintana Principe and Juana M. Rosa Gonzalez, owners of the property;
    b. All normal and customary settlement and closing fees and costs that are listed on the Final HUD-1 Settlement Sheet are authorized to be paid at time of Closing or thereafter if funds are being held in escrow pending outcome of this matter;
    c. The fourteen (14) day waiting period from Court approval to Closing is hereby waived. Closing can be finalized and disbursements issued upon entry of this Order;
    d. An Amended Final ALTA Settlement Sheet will be forwarded to the Chapter 13 Trustee which includes the payoff to Rocket Mortgage and the verified payoff figure for the Chapter 13 Trustee as provided.
    e. Where applicable, any and all liens, secured or judgment, as may be listed on the final HUD Settlement Sheet are to be paid in full pursuant to written payoff statement(s) to be obtained before the close of escrow and listed on the Final HUD Settlement Sheet. Said payoff(s) shall not have expired at the time of completion of Closing

*rev.1/12/22*